# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RIVERSIDE FUND V, L.P., and
RIVERSIDE AMCAD BLOCKER
CORP.,

          Plaintiffs,

      v.

VISAGAR SHYAMSUNDAR, JUPITER
TECHNOLOGY HOLDINGS, LLC,
RONALD F. CORNELISON, and
EDWARD BERKOWITZ,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N14C-10-038 EMD CCLD

## ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT VISAGAR SHYAMSUNDAR'S MOTION FOR SPOLIATION SANCTIONS AGAINST CO-DEFENDANT RONALD F. CORNELISON

Upon consideration of Defendant Visagar Shyamundar's Motion for Spoliation Sanctions against Co-Defendant Ronald F. Cornelison (the "Motion for Sanctions") filed by Defendant Visagar Shyamsundar on January 18, 2017; Defendant Cornelison's Response in Opposition to Co-Defendant Shyamsundar's Motion for Spoliation Sanctions filed by Defendant Ronald Cornelison on January 31, 2017; the arguments presented on the Motion for Sanctions at the hearing on February 6, 2017 (the "Hearing"); the letter to Mr. Cornelison dated November 19, 2013 and provided to the Court at the Hearing; and the entire record in this civil action;

1.      The Delaware courts have applied the following standard when addressing claims of spoliation—"a party in litigation or who has reason to anticipate litigation has an affirmative duty to preserve evidence that might be relevant to the issues in the lawsuit," and this duty can attach before litigation if a party knows that the evidence may be relevant to future litigation.[1]

---

[1] *TR Investors, LLC v. Grenger*, C.A. No. 3994, 2009 WL 4696062, at *17 (Del. Ch. Dec. 9, 2009). *See also Brandt v. Rokeby Realty Co.*, C.A. No. 97C-10-132 RFS, 2004 WL 2050519 (Del. Super. Sept. 8, 2004) ("A party, anticipating litigation, has an affirmative duty to preserve relevant evidence.").

Whether a person has reason to anticipate litigation depends on the facts and circumstances and whether these facts and circumstances would lead to a conclusion that litigation is imminent or should otherwise be expected.[2] If a party intentionally fails to preserve such relevant evidence, a court may impose spoliation sanctions.[3]

2.  Sanctions are to serve three functions: to remediate; to punish, and to deter.[4] The Court is to consider the following factors in determining the appropriate sanctions: (i) the culpability or mental state of the party that destroyed the evidence; (ii) the degree of prejudice suffered by the complaining party; and (iii) the availability of lesser sanctions that would avoid unfairness to the complaining party while, at the same time, serve as a sufficient penalty so as to deter future conduct.[5] While Delaware courts have wide latitude to fashion an appropriate remedy for the spoliation of evidence, "the remedy must be tailored to the degree of culpability of the spoliator and the prejudice suffered by the complaining party."[6]

3.  The Court finds that the record is insufficient to justify the sanction of preclusion in this case. At this stage of the proceedings, there does not appear to be enough proof that Mr. Cornelison intentionally failed to preserve relevant evidence in anticipation of this litigation (or the types of claims raised in this litigation). This conclusion is supported by Mr. Cornelison's testimony under oath that: (i) the "recording" he destroyed was not relevant or related to the fraud cross-claim against Mr. Shyamsundar, and (ii) at the time he destroyed the "recording" he did not anticipate bringing a fraud cross-claim against Mr. Shyamsundar because the fraud claim did not accrue until months after he destroyed the "recording." Accordingly, the Court does not have before it sufficient evidence proving that spoliation occurred.

---

[2] *Beard Research, Inc. v. Kates*, 981 A.2d 1175, 1189–90 (Del. Ch. 2009).
[3] *Id.* at 1189.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 1190.

2

4.     The Court would like to note that it is troubled by Mr. Cornelison's deposition testimony. Even though the Court will not order sanctions at this time, this deposition testimony (on the transcript at least) does not appear to be entirely convincing or credible given the normal use of the word "recording" and/or that only certain parts of the meeting were "recorded" while other, more relevant portions, were not. If the parties adduce additional evidence regarding notes, or recordings taken during the September 13, 2013 meeting, and this evidence supports an argument for spoliation, the Court will revisit the issue.

**IT IS HEREBY ORDERED** that the Motion for Sanctions is **DENIED WITHOUT PREJUDICE**.

Dated: February 14, 2017
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

cc:     Jeffrey S. Goddess, Esq.
        Seth A. Niederman, Esq.

3